**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARK NAKTEWA,**

      Plaintiff,

vs.                                          Civ. No. 04-73 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed June 24, 2004. Docket No. 11. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken.

**I. PROCEDURAL RECORD**

      Plaintiff, Mark Naktewa, filed an application for Social Security disability insurance benefits on October 19, 2000. Tr. 61. After the Commissioner denied Plaintiff's application at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). He subsequently withdraw his request for hearing. Tr. 61. On March 26, 2002, the ALJ issued a

Notice of Dismissal of Plaintiff's application. Tr. 19.

On April 15, 2002, Plaintiff protectively filed his second application for disability insurance benefits and supplemental security income benefits. Tr. 78-81, 204-209. Plaintiff stated he had been disabled since March 27, 2002 due to a herniated disc, severe left leg pain, pinched nerve, diabetes and high blood pressure. Tr. 101. His application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on June 5, 2003. At the hearing, Plaintiff was represented by counsel. On September 16, 2003, the ALJ issued an unfavorable decision finding that Plaintiff could return to his past relevant work as a radio dispatcher.

On January 13, 2004, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 4-6. The Plaintiff subsequently filed his Complaint for judicial review of the ALJ's decision on January 26, 2004.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical

or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson v. Sullivan, 987 F.2d 1482, 1486 (1993).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1)  he is not engaged in substantial gainful employment; 2)  he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3)  his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was born in December 7, 1957.  He has a graduate equivalency degree and past work experience as a radio dispatcher and ceramics painter/teacher.  Tr. 20, 39 and 92.

Plaintiff has a visual deficit, diabetic retinopathy.   Tr. 157-59.  On February 21, 2002, he underwent panretinal photocoagulation to stop the progression of abnormal diabetic vessels in the left eye.  On April 30, 2003, Plaintiff had vitreous hemorrhage in the left eye, but no retinopathy he right eye.  His vision was 20/50 in the right eye and 20/70 in the left eye.  Tr. 21.  His vision was

expected to improve as he healed from the surgery. Tr. 154.

Plaintiff also has chronic low back pain and left leg pain since November of 2000, with a "presumptive diagnosis" of herniated nucleus pulposus at L4-L5 on the left. This is not corroborated by any lumbar imaging studies. On September 10, 2002, Plaintiff had complaints of back and left lower extremity sciatica but refused surgery. On examination he was noted to have +2 spasm. Straight leg raise was positive on the left. He had deceased sensation at L5 and S1 and left foot drop. Tr. 150. On December 10, 2002, it was noted that Plaintiff failed to show at three different appointments with a neurosurgeon at UNM. Tr. 203. Treatment notes dated January 28, 2003 showed Plaintiff had a long history of neglected L4-5 and L5-S1 disc and left lower extremity sciatica.

Plaintiff also has non-insulin diabetes and hypertension. These conditions are controlled by medication.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in: 1) failing to making a residual functional capacity ("RFC") finding capable of review; and 2) failing to consider the adverse side effects of Darvon, a prescription medication.

The determination of a claimant's RFC is the extent to which the claimant's impairments and related symptoms affect his capacity to do work-related activties. Social Security Ruling ("SSR") 96-5p (1996 WL 374183); SSR 96-8p (1995 WL 374184). An evaluation of an RFC is a decision of what a Plaintiff can do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). In this matter, the ALJ determined that Plaintiff has the RFC to perform sedentary work activity. Tr. 23. Sedentary work is work that involves lifting no more than ten pounds at a time with frequent lifting or carrying of objects like docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1567(a);

416.967(a). Jobs are also considered sedentary if walking and standing occasionally are required.

The rules and regulations require that in making an RFC assessment the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b),(c), and (d) of 20 C.F.R. § 404.1545. SSR 96-8p, at *1. Thus, the ALJ must assess the "physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching.)."  20 C.F.R. § 404.15459b.  The ruling governing RFC assessments states that the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the record. SSR 96-8p. The adjudicator must also explain how any material inconsistencies or ambiguities in the case record were considered and resolved. Id. Furthermore, the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations). Id.

A review of the ALJ's decision shows that the ALJ did not perform the proper RFC assessment. The ALJ found that the Plaintiff had severe impairments at step 2 and that these impairments did not meet or equal a Listing. Tr. 21. The ALJ then described some of the medical evidence and testimony. The ALJ stated in his decision that "[a]fter reviewing the claimant's medical record and his subjective complaints in light of 20 C.F.R.§§ 404.1529 and 416.929, I find that his overall condition does not preclude him from performing sedentary work activity." Tr. 22. The ALJ

5

then proceeded to determine that Plaintiff can perform his past relevant work. The ALJ did not provide a function-by-function assessment and he did not provide any reasoning for his finding. This error requires a remand.

Moreover, Defendant asserts and it appears that the ALJ relies on Plaintiff's non compliance and refusal to accept treatment as a basis for his decision. However, again, the ALJ did not perform the required analysis.

> [B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncrediblity, he or she should consider '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.'
>
> Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993).

Plaintiff also asserts that the ALJ failed to consider the side effects of Plaintiff's prescription medication, Darvon. On remand the ALJ should discuss this evidence and provide his reasoning for his finding on this issue. Coleman v. Heckler, 572 F. Supp. 1089 (D. Colo. 1983).

Finally, the Court notes that in Defendant's response brief, the Commissioner attempts to provide the analysis missing in the decision of the ALJ. This approach has been rejected by the Tenth Circuit. Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). A decision must be evaluated solely on the reasons and analysis in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1984 (10th Cir. 2004); Robbins v. Halter, 2001 U.S. Dist. LEXIS 3592 (D. Kan. 2001). As the ALJ failed to apply the correct legal standards, this matter will be remanded.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand

Administrative Decision is granted for proceedings consistent with this opinion.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**
**(sitting by designation)**